### THE VERA.

### THE MELROSE.

(Circuit Court of Appeals, First Circuit. January 27, 1916.)

Nos. 1089–1093.

COSTS ☞184—WITNESS FEES—WITNESSES ATTENDING IN MORE THAN ONE SUIT.

Under Rev. St. § 848 (Comp. St. 1913, § 1452), providing that, when a witness is subpoenaed in more than one cause between the same parties at the same court, only one travel fee and one per diem compensation shall be allowed for attendance, where, though the District Judge refused to consolidate libels in admiralty, they involved substantially the same issues and were tried as one cause of action on the same testimony, the witnesses being sworn and testifying but once, and only one decree being entered, only a single fee should be allowed, as the libels were within the spirit of the statute, if not within its precise terms.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 715–736; Dec. Dig. ☞184; Witnesses, Cent. Dig. § 55.]

On rehearing on certain questions of costs. Decree amended. For former opinion, see 226 Fed. 369, —— C. C. A. ——.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass. (Edward E. Blodgett, of Boston, Mass., of counsel), for appellants Pearce and others.

Barry, Wainwright, Thacher & Symmers, of New York City (James K. Symmers, of New York City, of counsel), for appellant New England Coal & Coke Co.

Edward S. Dodge, of Boston, Mass., and Benjamin Thompson, of Portland, Me., for appellees.

Before PUTNAM and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. Counsel having been permitted to submit briefs on certain questions of costs, on consideration thereof we have disposed of the same as follows:

Complaint is made of taxation of costs in Nos. 1091 and 1092, because the libelants were permitted to tax witness fees and mileage on each libel. It appears that, while there had been an application for a consolidation of the libels, they were in fact never consolidated, the motion for consolidation having been denied by the District Judge. It is claimed that the cases should have been consolidated, and that the owners of the Melrose and the Baxter should not be affected by the refusal of the District Judge to grant this motion for such consolidation.

The application for an allowance of only a single bill of costs rests on section 848 of the Revised Statutes (Comp. St. 1913, § 1452) which reads as follows:

"When a witness is subpoenaed in more than one cause between the same parties, at the same court, only one travel fee and one per diem compensation shall be allowed for attendance."

This, of course, is an excerpt from the statute, but there is nothing in the context which throws any light upon it. The rule is an artificial one, and must therefore be applied strictly; and this case does not come within the precise terms of the statute. The reference to The Gov. Ames, 187 Fed. 40, 109 C. C. A. 94, does not avail us, as that case speaks of a different subject-matter from that involved here. Nevertheless, as these libels were tried, it becomes, so far as these costs are concerned, within the spirit of section 848 of the Revised Statutes. The consolidation was in fact effected. The issues on the two libels to which we have referred are substantially the same, and the two libels were tried as one cause of action. They were heard together at the same time and on the same testimony, the witnesses being sworn and testifying but once, and one decree was entered relating to the two. Only a single fee for the attendance and travel of each witness should be allowed, to be apportioned between the two libels as the libelant may desire.

The other proposition brought to our attention is one which has been before the District Court in this circuit, and even the Circuit Court when the Circuit Court sat on appeal; but it never has been before us in a manner which commanded our attention. We have at times remarked that the practice in this circuit has been to tax travel for the distance actually traveled by witnesses, though in excess of 100 miles from the place of testifying. We have, however, never been compelled as an appellate tribunal to meet the question directly; and we find that finally in the present case the complaint of taxation for travel of more than 100 miles is not insisted on, so we make no ruling about it.

The petitioners in Nos. 1091 and 1092 may submit amendments to the decree or decrees entered in these cases, to bring the taxation of costs therein in harmony with the views expressed in this opinion.